Margaree ALLEN, Plaintiff–Appellant,

v.

Louis SULLIVAN, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 88–8680
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 23, 1989.

Charles L. Martin, Decatur, Ga., for plaintiff-appellant.

Nina L. Hunt, Asst. U.S. Atty., Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant asks us to vacate the district court's judgment, which affirmed the Secretary's decision denying her application for social security benefits, and to remand the case to the Secretary for further proceedings. She makes two points: (1) the Administrative Law Judge (ALJ) erred in relying on the Medical Vocation Guidelines, the "Grids," rather than the opinion of a vocational expert in deciding the question of appellant's disability; and (2) the ALJ erred in rejecting as incredible appellant's complaints of pain. We find no merit in appellant's second point. We do believe, however, that the ALJ should have sought the opinion of a vocational expert and accordingly vacate the district court's judgment and order the case remanded to the Secretary for further proceedings.

Appellant, who has a high school education, was fifty-two years old at the time of her administrative hearing and had not worked in over fifteen years. She could not work, she said, because of almost constant pain. Appellant had a history of back injury, with chronic intermittent low back pain and degenerative disc disease, degenerative disease of the right hip joint, and chronic anxiety and depression. According to a clinical psychologist, appellant's academic achievement was much lower than that of a high school graduate; in fact, she was functioning intellectually as a person of borderline mental retardation. In addition, appellant was experiencing many somatic problems that affected her judgment and ability to cope with everyday stress. In the "Medical Assessment of Ability to Do Work-related Activities (Mental)," the psychologist rated appellant's ability to function in the following areas as seriously limited but not precluded: exercising judgment in making occupational adjustments; dealing with work stresses; maintaining attention and concentration; and understanding, remembering, and carrying out detailed but not complex job instructions.

The ALJ found that appellant has a severe dysthymic disorder, degenerative disc disease, arthritis in the right hip, and borderline intellectual functioning, but that she does not have "an impairment or combination of impairments listed in, or medically· equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Appellant, according to the ALJ, has "the residual functional capacity to perform the physical exertion and non-exertional requirements of work except for lifting and carrying exceeding the light exertional level, performing complex tasks and tolerating extraordinary stress." He found that appellant's residual functional capacity for the full range of light work was reduced only slightly by her non-exertional limitations and, applying the grids, concluded that she was not disabled.

Appellant contends that the ALJ's use of the grids to arrive at a conclusion of not disabled was inappropriate because her pain, inability to tolerate stress, reduced ability to pay attention, concentrate, and exercise judgment, and her borderline mental retardation significantly compromise her ability to perform a full range of light work. The Secretary, in response, contends that appellant's exertional and non-exertional limitations, even when viewed in combination, are not severe enough to prevent a full range of light work; therefore, the ALJ did not err in applying the grids.

The claimant has no relevant work history. Thus, if the Secretary is able successfully to point to work in the national economy that appellant can perform and appellant cannot demonstrate her inability to perform such work, disability will not be found. *See Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987).

An ALJ has the obligation of developing a full and fair record regarding the vocational opportunities available to a claimant. *See Welch v. Bowen,* 854 F.2d 436, 440 (11th Cir.1988). The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture. *See Cowart v. Schweiker,* 662 F.2d 731, 736 (11th Cir. 1981). In appropriate circumstances, the

grids may be used in lieu of vocational testimony. *See Gibson v. Heckler,* 762 F.2d 1516, 1520 (11th Cir.1985). However, " '[e]xclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.' " *Walker v. Bowen,* 826 F.2d 996, 1002–03 (11th Cir.1987); (quoting *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir.1985)). Ordinarily, when non-exertional limitations are alleged, vocational testimony is used. *See Cowart v. Schweiker,* 662 F.2d at 736; *see also MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir.1986) ("When there have been non-exertional factors (such as depression and medication side effects) alleged, the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert."). "It is only when the claimant can clearly do *unlimited* types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Ferguson v. Schweiker,* 641 F.2d 243, 248 (5th Cir. Unit A, March 1981) (emphasis in original).*

■ Given the ALJ's findings that appellant cannot perform the full range of light work and has severe dysthymic disorder, borderline mental retardation in the intellectual function, degenerative disc disease, and arthritis in the right hip, it is clear that appellant is not capable of performing *unlimited* types of light work. Appellant urged the ALJ to employ a vocational expert to consider her non-exertional and medically supported emotional and mental limitations before reaching a decision on her disability. The ALJ refused to do so, relying mechanistically on the grids instead.

The ALJ should have elicited testimony from a vocational expert to interpret and evaluate appellant's medically documented non-exertional psychological and emotional limitations, which included serious limitations in the exercise of judgment, making occupational adjustments, dealing with work stresses, concentrating, understanding, remembering, and carrying out job instructions. *See Tucker v. Schweiker,* 689 F.2d 777, 780 (8th Cir.1982) (quoting *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 666 n. 8 (1st Cir.1981) ("Even a 'mild' mental impairment may 'prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.' ")). Absent testimony from a vocational expert, the ALJ's conclusion that appellant's mental limitations do not significantly compromise her basic work skills or are not severe enough to preclude her from performing a wide range of light work is not supported by substantial evidence. In sum, the ALJ did not meet his duty of developing a full and fair record with substantial evidence showing that there were specific jobs in the national economy that appellant could perform.

Appellant contends that the ALJ's credibility decision regarding her subjective pain was contrary to the evidence. In support of her contention, appellant points out that the ALJ failed to articulate any inconsistencies between statements she made to the psychologist and to him. We find that the ALJ adequately explained the reasons for rejecting appellant's claim of disabling pain.

■ An evaluation of a claimant's subjective complaints of pain requires a two-part analysis. First, there must be evidence of an underlying medical condition, and second, there must be objective medical evidence confirming the severity of the alleged pain or evidence that the determined medical condition is of a severity which can reasonably be expected to give rise to the degree of pain alleged. *Landry v. Heckler,* 782 F.2d 1551, 1552–53 (11th Cir.1986). If an ALJ rejects a claimant's testimony regarding pain, he must artic-

* In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

ulate specific reasons for doing so. *Walker v. Bowen*, 826 F.2d at 1004.

 Here, the medical evidence neither directly supported nor contradicted appellant's subjective complaints of pain. The ALJ rejected appellant's complaints because Dr. Feagin, a consulting internist, in questioning appellant specifically addressed her complaints and concluded that she could perform light work. The ALJ was influenced in part by appellant's lack of motivation for retraining and future work, and the fact that her adjustment disorder was caused in part by her frustration over her struggle to obtain disability benefits. Finally, the ALJ found that appellant's testimony before him did not square with statements she later made to the psychologist. In sum, the ALJ specifically articulated at least three reasons for rejecting appellant's subjective complaints of pain. Her argument that he improperly discredited her testimony on this point is accordingly without merit.

The judgment of the district court is vacated. On receipt of our mandate, the district court shall remand the case to the Secretary for further proceedings not inconsistent with this opinion.

VACATED, with directions.