[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-14157
Non-Argument Calendar
_____

D. C. Docket No. 03-03270-CV-G-E

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2005
THOMAS K. KAHN
CLERK

MARTHA BROOKS,

                                                        Plaintiff-Appellant,

        versus

JO ANNE BARNHART.
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 1, 2005)


Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

    Martha Brooks appeals the district court's order affirming the Commissioner

of Social Security's ("Commissioner") denial of her application for disability benefits, pursuant to 42 U.S.C. § 405(g).  On appeal, Brooks argues that the Administrative Law Judge's ("ALJ") decision was erroneous because there was no substantial vocational evidence to support the conclusion that a significant number of jobs existed in the national economy that she could perform in her impaired condition.  Brooks  relies on the Vocational Expert's ("VE") responses to the ALJ's two hypothetical questions, namely, that the 840 jobs that existed in the north central Alabama region she could perform was not a significant number.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  We do not reweigh evidence or substitute our judgment for that of the Commissioner, but instead review the entire record to determine if the decision reached is reasonable and supported by substantial evidence.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "'more than a mere scintilla, but less than a preponderance'").

When evaluating whether a claimant is disabled, the Social Security Regulations establish a five-part test. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a). If the claimant is not engaged in substantial activity, the next step is to determine whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant is not severely impaired, then the claimant is not disabled; however, if the claimant has a severe impairment, then the next question is whether the impairment meets or equals one of the impairments in the listings. 20 C.F.R. § 404.1520(c)&(d). If the claimant's impairment fails to meet or equal an impairment in the listings, then the next step is to determine whether the impairment prevents past relevant work. 20 C.F.R. § 404.1520(e).

Once the claimant proves that she cannot return to her past relevant work, the burden shifts to the Commissioner to show that the claimant can perform other jobs that are significant in number in the national economy, considering age, education, and work experience. Gibson v. Heckler, 762 F.2d 1516, 1518-19 (11th Cir. 1985). The burden is on the ALJ to provide evidence about the existence of other work in the national economy that a claimant can perform. Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984); see also 20 C.F.R.

3

§ 404.1512(g).  The ALJ may satisfy this burden and provide this evidence through a VE's testimony.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004); see also 20 C.F.R. § 404.1566(e).  In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.  Phillips, 357 F.3d at 1240 n.7.  Further, the ALJ must articulate specific jobs that exist in national economy that a claimant can perform.  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989).  A claimant must show that she could not perform those jobs in order to prove disability.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country.  20 C.F.R. § 404.1566(a).  The ALJ, relying on the VE's testimony, and not the VE, determines whether a specific number of jobs constitutes a significant number.  20 C.F.R. § 404.1512(g); see also Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986)(whether there are a significant number of jobs is a question of fact to be determined by a judicial officer); see also Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1480 (9th Cir. 1989)(an expert's opinion about what constitutes a significant number of jobs is not relevant)(emphasis in original).  We have upheld the ALJ's finding that 174 small appliance repairman position in the area in which the claimant resided

4

established the existence of work in significant numbers.   Allen v. Bowen, 816 F.2d 600, 602 (11th 1987).

The ALJ's finding that 840 polisher, document preparer, and bonder jobs constituted a significant number in the national economy is supported by substantial evidence.  It is the ALJ, relying on the VE's testimony, who determines whether 840 jobs constituted a significant number; the VE's determination is not binding.  Accordingly, the ALJ based its finding on the VE's testimony, even though the finding was contrary to the VE's opinion.  The ALJ, by relying on the VE's testimony, properly found that Brooks was not disabled because she could perform specific jobs that existed in significant numbers in the national economy.

Upon review of the administrative proceedings, the medical record, and the proceedings in the district court, and upon consideration of the parties' briefs, we find no reversible error.

**AFFIRMED.**