[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12325
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02354-CV-T-27-EAJ

MARIE ORESTANO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 31, 2007)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Marie Orestano appeals the order affirming the Commissioner's denial of

disability insurance benefits, 42 U.S.C. § 405(g), and Supplemental Security Income, 42 U.S.C. § 1383(c)(3). On appeal, Orestano argues that substantial evidence does not support the Administrative Law Judge's ("ALJ") finding that she was not disabled, and that the ALJ erred in relying on the testimony of a vocational expert.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). We "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

A claimant bears the burden to prove that she is disabled, within the meaning of 42 U.S.C. § 423(d)(1)(A). Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir.1999). Where, as in this case, a claimant is not involved in a substantial gainful work activity and has established a severe impairment that prevents her from performing her past relevant work, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform. Jones, 190 F.3d at 1228. The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be

supported by substantial evidence, not mere intuition or conjecture.  See Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).

Here, the ALJ found that Orestano was capable of performing a significant, but not a full, range of sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967.  The judge found that Orestano's "ability to perform all or substantially all of the requirements of sedentary work was impeded by additional exertional and/or non-exertional limitations."  Therefore, the testimony of a vocational expert was used "to help determine whether or not there [were] a significant number of jobs in the national economy that the claimant could perform given her residual functional capacity and other vocational factors."  We find that the ALJ did not err in applying the correct legal standards and that his decision was supported by substantial evidence.

**AFFIRMED.**