[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15123
Non-Argument Calendar

_____

D. C. Docket No. 06-00570-CV-J-TEM

BILLY RYE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2008)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This is Billy Rye's appeal from the district court's order affirming the

Commissioner of the Social Security Administration's denial of disability insurance benefits under 42 U.S.C. § 405(g), and supplemental security income under 42 U.S.C. § 1383. Rye contends that the Administrative Law Judge's findings that Rye could sit "at least 4–6 hours a day with a sit/stand option" and that "he is able to walk in 15-minute increments for at least 2 hours in a work-day," are ambiguous and inconsistent with the finding that Rye is not disabled because, under the low-end estimate of four hours of sit/stand time, he could not work a full eight-hour day.

We review de novo the legal principles upon which the Commissioner's decision is based. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). We will affirm the Commissioner's decision on a disability benefits application if it is supported by substantial evidence and the Commissioner applied the correct legal standards. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The Commissioner's decision will not be disturbed if, in light of the record as whole, it appears to be supported by substantial evidence. Lewis v. Callahan, 125 F.3d 1436, 1439–40 (11th Cir. 1997). Under this limited standard of review, we will not decide the facts anew, make credibility determinations, or re-weigh the evidence. Moore, 405 F.3d at 1211.

Once the ALJ finds that a claimant cannot return to his or her prior work, as

2

in this case, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the local or national economy. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may be met through the use of a vocational expert.  Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose to him a hypothetical question which contains all of the claimant's impairments.  See Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1220 (11th Cir. 2001).

The residual functional capacity test is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments.  See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Social Security Ruling 96-8p defines an individual's residual functional capacity as the person's maximum remaining ability "to do sustained work activities in an ordinary work setting on a regular and continuing basis."  S.S.R. 96-8p at 2.  A "regular and continuing basis" means eight hours a day, five days a week, or the equivalent work schedule.  Id.

Here, the ALJ found that Rye could sit for "at least" four to six hours, and that he could stand and walk in fifteen minute increments for "at least" two hours in a workday. The record supports this finding and supports the conclusion that Rye can perform work on a regular and continuing basis under the residual functional capacity test. The ALJ heard testimony from a vocational expert that given the limited number of hours Rye can sit and stand in a workday, he could still find employment as a food and beverage order clerk or ticket taker, jobs the expert opined exist both in Florida, where Rye lives, and in the broader national economy. In light of the deferential review we give agency findings, Moore, 405 F.3d at 1211, we cannot accept Rye's interpretation of the ALJ's finding with regard to the number of hours he could sit in a workday. Doing so would ignore the words "at least" and the finding that he could sit for six hours. We therefore conclude that the Commissioner's decision is supported by substantial evidence.

**AFFIRMED.**