[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12426
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00033-CV-OC-GRJ

BRUCE E. HEATLY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Bruce E. Heatly appeals the district court's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove his disability.[1] See 20 C.F.R. § 404.1512. The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is

---

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

disabled. 20 C.F.R. § 404.1520; Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). In step one, the claimant must show that he has not engaged in substantial gainful activity; and in step two, he must prove a severe impairment or combination of impairments. Id. In step three, the impairment is compared to listed impairments; if the impairment meets or equals a listed impairment, disability is automatically established. Id. If step three's impairment listing does not establish disability, in step four the claimant must show an inability to perform past relevant work. Id. If the claimant makes a sufficient showing of inability to perform past relevant work, in step five the Commissioner bears the burden of showing other available work that claimant is able to perform. Id.

We first address Heatly's contention that the ALJ erred at step two of the sequential evaluation by not finding that his chronic pain syndrome was a severe impairment. A severe impairment is one that significantly limits the claimant's ability to do basic work activities. Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

Here, the ALJ determined that the only severe impairment Heatly suffered from was status-post cervical fusion, despite that Heatly separately had been diagnosed with chronic back pain.[2] Even if the ALJ erred in not indicating whether

_____

[2]Heatly's neck and back pain were caused by the same traumatic event: falling from a stoop onto a car and lawn. The resulting injuries he suffered required him to undergo surgery to

3

chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that Heatly had a severe impairment: and that finding is all that step two requires. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1991) (applying the harmless error doctrine to social security cases); Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) ("the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two) (emphasis added).

Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination. See id.; Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments"). Here, that the ALJ did consider all of Heatly's impairments (whether severe or not) in combination is clear. The ALJ discussed in detail Heatly's testimony and medical history, which included Heatly's pain complaints, his limitations due to pain, and the diagnoses he received related to his pain. See Jones v. HHS, 941 F.2d 1529,

_____

decompress his spinal cord.

4

1533 (11th Cir. 1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings).[3]

We now address Heatly's argument that the ALJ erred at step five of the evaluation. Heatly contends that, because he had a non-exertional impairment of chronic pain syndrome, the ALJ should not have relied on the vocational Grids[4] to make a determination that he was not disabled and, instead, should have used the testimony of a vocational expert.

At step five, in appropriate circumstances, the ALJ may use the Grids (instead of vocational testimony) to establish whether alternative gainful work exists that a claimant can perform and, in turn, to determine whether the claimant is disabled. Allen v. Sullivan, 880 F.2d 1200, 1201-02 (11th Cir. 1989). Exclusive reliance on the grids is inappropriate when a claimant "cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills." Jones, 190 F.3d at 1229. A claimant's

---

[3]The record also does not support Heatly's argument that the ALJ's alleged error at step two prevented the ALJ from considering all of his impairments in combination in the rest of the sequential evaluation. At step four, the ALJ explicitly stated that it considered "the entire record" and "all symptoms." And at step five, the ALJ specifically acknowledged Heatly's additional limitations in determining that he was not disabled.

[4]The Grids are a series of matrices which correlate to a set of variables -- the claimant's residual functional capacity, age, education, background, and previous work experience -- and can be used, at step five, to determine whether claimant has the ability to adjust to other work in the national economy. On entry of these variables into their appropriate matrix, a determination of disabled or not disabled is rendered.

basic work skills are significantly limited by non-exertional impairments if the claimant cannot perform a full range of work at a given work level. Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004).

Here, we conclude that substantial evidence supports the ALJ's conclusion that Heatly's chronic pain did not limit significantly his ability to perform adequately a full range of light work.[5] Both Heatly's own testimony about his daily activities and medical evidence belied his contention that his chronic back pain limited his ability to perform a full range of light work. About his daily activities, Heatly testified that (1) he took care of two horses; (2) he baby-sat a three-year-old twice a week for eight hours; (3) he could lift 25 to 30 pounds; and (4) his prescription medication helped with his pain symptoms. And medical evidence showed that (1) Heatly's grip strength was only slightly diminished; (2) he could walk without a cane and any difficulties he had walking corrected after walking 10 to 15 minutes; and (3) he had no other functional limitations associated with pain.

Because Heatly's testimony and the clinical evidence in the record provided substantial evidence that his non-exertional impairments would not significantly

---

[5]Light work requires lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. To be considered capable of performing a full range of light work, a claimant must also be able to walk or stand a good deal, occasionally stoop, and sit most of the time with some pushing or pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

limit his ability to perform a full range of light work, the ALJ made no error in relying on the Grids to conclude that Heatly was not disabled. See Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985) (reliance on the Grids is proper where the ALJ's determination about the effect of non-exertional impairments is supported by substantial evidence).

AFFIRMED.